Froelich, Judge,
concurring.
{¶ 59} I write separately only to express concern over the procedures, as far as they are reflected in the record, that occurred — or did not occur — in this case.
{¶ 60} On September 3, 2010, the grandparents filed a “motion” that asked the court for “an order naming the residentials parent and custodians of the minor child * * * in the best interest of that child and to provide security for that child [sic].” At the same time they filed a “motion for ex parte orders” requesting “an immediate order naming the temporary residential parents and custodians of the minor child * * * in the child’s best interest and to provide security for the child and for the reasons set out in Affidavit of Tracy Wood attached hereto [sic].”
{¶ 61} There are two affidavits of Tracy Wood attached. The “Affidavit of Child Custody Pursuant to Section 3109.27 ORC” says that it is in accordance *94 with R.C. 3109.27 and Civ.R. 75(M) and details the names and addresses of the people involved with the care of her grandchild and certain dates and locations of that care. Interestingly, this list includes where the “child has lived * * * within the last five years” despite the fact that the child was not even three yet. There is no allegation of current or potential abuse or neglect. R.C. 3109.27 does not exist. It was formerly part of the Uniform Child Custody Jurisdiction Law and was repealed in 2005. Civ.R. 75(M) is captioned “Testimony” and has no apparent relevance to the affidavit or the motions.
{¶ 62} The other “Affidavit of Tracy Wood” states that she fears for her grandson’s safety because the child’s biological parents did not complete the CSB care plan, the mother leaves the child with people without the father’s agreement, the mother did not renew health insurance, she believes her daughter-in-law is “using marijuana and partying when she should be caring for her child,” and has made statements in the last one and a half years such as she needs mental health treatment and “I will fight you to the death for [my child].” In an “Ex-Parte Entry” prepared by movant’s counsel and filed simultaneously with the motions, the court found the motion “well taken” and set a “review hearing” for September 20.
{¶ 63} On this record, there was no authority for the .court’s ex parte order depriving a biological and legal parent of custody. Moreover, when ex parte emergency orders are permitted, an immediate hearing is mandatory as a matter of Ohio law, let alone due process. See, e.g., Juv.R. 13(B)(3) and R.C. 2151.33(D).